# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | MEMORANDUM DECISION AND ORDER DENYING REVIEW OF DETENTION |
| vs. | |
| JESSE BENNETT, | Case No. 1:21CR59DAK |
| Defendant. | Judge Dale A. Kimball |

This matter is before the court on Defendant Jesse Bennett's Motion for Review of Detention. Defendant seeks reconsideration and revocation of his order of detention pursuant to 18 U.S.C. § 3145. Defendant seeks pretrial release to the Odyssey House for participation in a drug treatment program. On July 19, 2021, the court held a hearing on the detention appeal by zoom videoconferencing. At the hearing, Defendant was present and represented by his counsel R. Blake Hamilton, and the government was represented by Aaron W. Flater. This court has reviewed Defendant's motion and the law and facts relevant to the determination of Defendant's pretrial detention or release. Being fully advised, the court issues the following Memorandum Decision and Order.

## BACKGROUND

Defendant is charged with distribution of methamphetamine and conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). On May 12, 2021, Defendant had an initial appearance before Magistrate Judge Romero, and detention was continued at Defendant's

request. Magistrate Judge Romero held a detention hearing on May 18, 2021. At the conclusion of the hearing, Magistrate Judge Romero detained Defendant, finding that no release condition would reasonably assure either the safety of any other person and the community.

Under the District of Utah's General Order 20-010, motions under § 3142(i) will be reviewed by the magistrate judge who first ordered detention while appeal can then be taken to the district judge under § 3145(b). In this case, Defendant's motion seeks review of Magistrate Judge Romero's detention order under § 3145. "The standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is de novo." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). Accordingly, the District Judge will address Defendant's order in the first instance.

## ANALYSIS

Under 18 U.S.C. §3142(f), in determining detention, the court considers "whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." The relevant factors to consider in making that determination are set forth in 18 U.S.C. § 3142(g) and include the nature and circumstances of the charged offense, the weight of the evidence against the person, the history and characteristics of the person, family ties, employment, length of residence in the community, drug abuse, criminal history, and the nature and seriousness of the danger to any person or the community posed by the person's release. *See id.* § 3142(g).

Because of the controlled substance offense charged in this case, a rebuttable presumption exists that "no condition or combination of conditions will reasonably assure the safety of any other person and the community" if the court finds "probable cause to believe that the defendant

committed" the charged offense. *Id.* § 3142(e)(3).

Defendant was in possession of over half a pound of methamphetamine and admitted to officers that he was picking up and delivering drugs for a codefendant. The quantity of drugs involved means that Defendant is facing a ten-year mandatory minimum sentence. Although Defendant has a pending motion to suppress his statements and the evidence obtained, the facts before the court for purposes of this detention appeal demonstrate probable cause for the present charges. Therefore, the presumption applies.

With respect to Defendant's history and characteristics, Defendant has a lengthy criminal history, dating back twenty-five years. Defendant has prior drug distribution convictions from 2000 and 2007. Defendant was also arrested in February of this year with a pound of methamphetamine. He was released on bail for that arrest just a month before he was arrested in the present case. The court finds it highly significant that the February arrest did not deter Defendant from engaging in drug distribution. Defendant's repeated drug convictions and arrests, compounded by the fact that one occurred while awaiting trial in another case, demonstrate that Defendant poses a serious danger to members of the public.

While the court believes that a drug treatment program would be beneficial to Defendant personally, Defendant could leave the facility at any time and pose a danger to the community. A GPS monitor is a deterrent to leaving, but he could simply remove it and leave. The treatment program can be a difficult experience and it does not have the ability to prevent Defendant from leaving. Therefore, the court concludes that the voluntary treatment program and GPS monitor do not adequately manage Defendant's potential danger to the community posed by his repeated drug distribution.

After full consideration of the § 3142 factors, the court concludes that no combination of release conditions will assure the safety of the community. Accordingly, the court denies Defendant's motion for review of detention.

DATED this 19th day of July, 2021.

BY THE COURT

*Dale A. Kimball*
DALE A. KIMBALL
United States District Judge